SCA SERVICES, INC., Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fourth District   No. 15239

Opinion filed May 16, 1979.

Fred C. Prillaman and Roger W. Holmes, both of Mohan, Alewelt & Prillaman, of Springfield, for petitioner.

William J. Scott, Attorney General, of Chicago (David G. Lichtenstein, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE TRAPP delivered the opinion of the court:

SCA Services, Inc. (Services), operated an industrial waste disposal site under permits issued by the Environmental Protection Agency (Agency) in 1976. The basic permits required Services to obtain supplemental permits for various items and shipments of the wastes to be received.

On September 20, 1978, the Agency denied the issuance of 43 supplemental permits, sometimes designated special waste permits, which had been submitted by Services during the months of June and July. The letter of denial of the Agency recited that the action was "based upon the court order of Judge Russell entered August 28, 1978 in Village of Wilsonville et al vs. Earthline Corporation; Docket No. 77-CH-10, 77-CH-13 consolidated." Services is the corporate successor of Earthline. The records of this court disclose that the order referred to was a permanent injunction enjoining the use of the site by Services. Neither the Agency nor the Board was subject to the order.

On November 6, 1978, Services filed a document designated "Appeals from Permit Denials" before the Pollution Control Board (Board). Section 40 of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1040) provides:

"If the Agency refuses to grant a permit under Section 39 of this Act, the applicant may petition for a hearing before the Board to contest the decision of the Agency."

With reference to the facility, the petition recited:

"[I]t was closed by Order of the Court in the case of Village of Wilsonville, et al -vs- Earthline Corporation, Macoupin County, Illinois, No. 77-CH-10 and 77-CH-13, consolidated, and last did business on September 5, 1978."

On November 30, 1978, the Board entered an order stating, in part:

"Paragraph 8 of the Petition states that the subject operation was closed by court order and has not conducted business since September 5, 1978. Since the site is closed, the Board sees no reason to pursue this appeal. Consequently, no hearing shall be authorized and this matter is hereby dismissed."

Services filed a timely petition for administrative review as provided in section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1041).

Section 40 of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1040), described the proceeding before the Board as "a hearing before the Board to contest the decision of the Agency." The language of the Act does not describe such procedure in the context of appellate review within the administrative agency's system. It appears that the Board has reached this conclusion. See interim order, *Oscar Mayer & Co. v. Environmental Protection Agency*, PCB 78—14.

In *People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 312 N.E.2d 620, the trial court enjoined the operation of a commercial garbage dump upon a complaint filed by the Attorney General and a state's attorney which alleged violations of the Act.

The appellate court reversed the grant of injunction finding that the injunctive relief obtained could have been obtained through administrative proceedings under the Environmental Protection Act. The supreme court reversed upon the determination that the circuit court and the Board had concurrent jurisdiction in the curbing of pollution. Noting particularly the language of section 45(a) of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1045(a)), "No existing civil or criminal remedy for any wrongful action shall be excluded or impaired by this Act," as well as the powers of the Attorney General, the opinion determined that the circuit court could adjudicate issues properly pleaded as to matters of pollution and grant injunctive relief.

The petition for hearing before the Board, filed by Services, adequately reflects the fact that the disposal site is closed by order of the circuit court for use with respect to any permits presently held, or which might be obtained by Services from the Agency or through the Board. It is not contended that the circuit court did not have jurisdiction of the subject matter or of the parties in the injunction proceedings. That petition further advised the Board that the action for injunction was presently pending on appeal. It thus was apparent to the Board that while the injunction remained in effect Services could not lawfully use the 43 supplemental permits which it seeks.

Services argues that the statute requires a hearing before the Board despite the fact that its use of the disposal site is enjoined, and that the dismissal order deprives Services of property without procedural due process of law, and cites *Peabody Coal Co. v. Pollution Control Board* (1977), 49 Ill. App. 3d 252, 364 N.E.2d 929. In that case the Board dismissed a petition filed under section 41 of the Act without a hearing for the reason that there were insufficient allegations of compliance with the rules of the Board. The appellate court affirmed the dismissal of the petition by the Board and rejected the contention of *Peabody* that the order of dismissal had the effect of depriving petitioner of property without due process. The reviewing court noted that petitioner might file

amended or new pleadings and that the petitioner had not been denied an opportunity for a hearing before *final* administrative refusal of its permit.

Implicit in the language and form of the order is the Board's recognition of the effect of the order of the circuit court and that the permit application may be renewed or again filed upon the event of Services being relieved of the injunction presently in effect. No authority in case law or statute has been cited which establishes a right of Services to a permit which, if granted, cannot be lawfully used by reason of a prevailing court injunction.

The authority of the Board to dismiss was also upheld in *City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 377 N.E.2d 114, where the Board concluded that a complaint filed under section 31(b) of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1031(b)), was frivolous. The action of the Board reflects a purpose of resolving the issues of the use of the disposal site in an orderly way having regard for comity between the executive and judicial branches of government upon a matter of concurrent jurisdiction. The outstanding injunction prohibiting the use of the site by Services is a factor that the Board need not ignore. Upon the pending appeal, one determination might make the review of the denial of the supplemental permits a useless act. A second outcome might cause the Agency to impose conditions upon issuance of the permits as is authorized in section 39(a) of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1039(a)).

A reviewing court will not set aside administrative action taken under statutory authority unless such action is clearly unreasonable, arbitrary, or capricious. (*Peabody Coal Co.; City of Des Plaines.*) The order of the Board dismissing the petition filed by Services is affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.